George Ehrat, trading as George Ehrat & Company, Plaintiff in Error, v. V. Marrone and R. Lofaro, trading as Marrone & Lofaro, Defendants in Error.

Gen. No. 20,243.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed January 5, 1915.

## Statement of the Case.

Suit by George Ehrat, trading as George Ehrat & Company, against V. Marrone and R. Lofaro, trading as Marrone and Lofaro, and their attorneys, Edward L. England and Elbert C. Ferguson, to restrain the prosecution of a suit in the Municipal Court brought by Marrone and Lofaro against the complainant.

The complainant alleged that Marrone and Lofaro were insolvent and were nonresidents, and set up a claim against them in excess of the claim of said Marrone and Lofaro. An injunction was recommended by a master in chancery and entered, and the defendants move to dissolve the injunction. Pending a decision on the motion the defendants filed a general and special demurrer to the bill. Such demurrer was sustained, the injunction dissolved and the bill dismissed for want of equity, whereupon the plaintiff brought error.

EDWARD J. KELLEY, for plaintiff in error.

JOHN C. BURCHARD, for defendants in error Elbert C. Ferguson and Edward L. England.

MR. JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. INJUNCTION, § 177*—*when bill shows offer to do equity.* A bill to restrain the collection of a demand by a suit, alleging that the defendants are nonresidents and are insolvent, is not demurrable on the ground that the complainant does not offer to do equity when such complainant sets up a claim in excess of any amount due the defendants.

2. INJUNCTION, § 177*—*when bill not demurrable.* A bill to restrain a suit to collect a certain demand, and setting up a claim in excess of that of the defendants, *held* not demurrable in failing to allege that the loss sustained by the complainant was due to defendants' negligence, it appearing that such loss was due to a failure to insure goods as instructed by the complainant when shipped.

3. INJUNCTION, § 174*—*who are proper parties.* In a suit to restrain certain defendants from prosecuting an action to collect a claim, on the ground that they were nonresidents and insolvent, the attorneys for such defendants were proper parties.

4. SET-OFF AND RECOUPMENT, § 1*—*when court of equity may cause set-off.* A court of equity may under special circumstances, interfere and cause a set-off where a court of law can afford no relief.

5. INJUNCTION, § 194*—*what are requisites of bill.* Insolvency is a distinct equitable ground of set-off, and in a bill to enjoin the collection of a debt by nonresidents who are insolvent, setting up a claim in excess of that sought to be collected by such nonresidents, it is not necessary to allege that the individual members of defendant firm are insolvent.

6. INJUNCTION, § 194*—*when bill for set-off need not show liquidated demand.* In a suit to enjoin the prosecution of an action to collect a debt by nonresidents and setting up a claim in excess of that sought to be collected by such nonresidents, it is not necessary that the complainant's demand should be liquidated by a judgment, when the insolvency of the defendants is admitted.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.